**Raj Singh SAHOTA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70062.**
**Agency No. A75–304–564.**

United States Court of Appeals,
Ninth Circuit.

Fed. R.App. P. 34(a)(2).

Submitted June 15, 2004.*

Decided June 24, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Michael T. Dougherty, Jennifer L. Lightbody, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Raj Singh Sahota, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. INS,* 362 F.3d 1164, 1168 (9th Cir.2004), and grant the petition for review.

The IJ found Sahota not credible based, in part, on his alleged inability to explain how he traveled from Italy to England after he fled India. The IJ's characterization of the evidence is not supported by the record. Moreover, because this discrepancy does not go to the heart of Sahota's asylum claim and cannot be

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viewed as an attempt to enhance the claim of persecution, it has no bearing on Sahota's credibility. *See Singh v. Ashcroft,* 301 F.3d 1109, 1113 (9th Cir.2002).

The IJ also found Sahota not credible based on what the IJ described as a break in the line of letters in the word "licensing" on Sahota's driver's license. The IJ's finding on this point amounts to impermissible speculation concerning the correct appearance of an Indian driver's license. *See Lopez–Reyes v. Ashcroft,* 79 F.3d 908, 912 (9th Cir.1996).

Finally, the IJ found Sahota not credible because three affidavits Sahota submitted to corroborate his claim of persecution failed to mention his support of the Akali Dal party, the death of his friend Sukdev Singh, his 1996 speech at a political rally, and his father's arrest following that rally. Because the affidavits did not contradict or undermine Sahota's testimony, the omission was not a proper basis for the IJ's credibility determination. *See Lopez–Reyes,* 79 F.3d at 911–12; *see also Garrovillas v. INS,* 156 F.3d 1010, 1016–17 (9th Cir.1998) (explaining that corroborating evidence is not required where a petitioner's testimony is otherwise credible).

In sum, a reasonable adjudicator would be compelled to conclude that the IJ's adverse credibility determination was not supported by substantial evidence. *See Singh,* 362 F.3d at 1168. Because the IJ denied Sahota's asylum application based solely on his adverse credibility finding, we remand this matter to the BIA for further proceedings to determine whether, accepting Sahota's testimony as credible, he is eligible for asylum, withholding of removal, and relief under the Convention. *See INS*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002).

PETITION FOR REVIEW GRANTED.